UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

CASSELL TAYLOR,

       Plaintiff,     REPORT AND
                RECOMMENDATION
  - against -

                08 Civ. 9312 (RJH) (RLE)
STEVEN RICCA and JOSHUA FARANDA,

       Defendants.

------------------------------------------------------------

**To the HONORABLE RICHARD J. HOLWELL, U.S.D.J.:**

*Pro se* Plaintiff Cassell Taylor filed his Complaint in the instant action on October 30, 2008, at which time he was incarcerated in Auburn Correctional Facility. On or about January 13, 2009, Marshall's Process Receipt and Return of Service Unexecuted was filed as to Defendant Faranda. (Doc. No. 4.) On or about January 22, 2009, acknowledgment of service was entered as to Defendant Ricca, with a "filed" date of January 16, 2009. (Doc. No. 5.) On January 22, 2009, the undersigned ordered Taylor to effectuate proper service on Defendants, the acknowledgment of service as to Defendant Ricca not yet having appeared on the docket. (Doc. No. 6.) On January 26, 2009, the Court extended Ricca's time to Answer or otherwise respond to March 6, 2009. (Doc. No. 7.) On or about February 2, 2009, a Change of Address Memorandum was filed by Taylor. (Doc. No. 8.) Subsequently, the undersigned ordered Taylor to provide certain releases to Defendant Ricca for purposes of reviewing Taylor's records. Taylor was ordered to provide the releases to Defendant Ricca or show cause on or before March 23, 2009, why he should not be required to sign the releases. (Doc. No. 9.) Simultaneously, Taylor was ordered to serve Defendant Faranda on or before March 30, 2009. (*Id.*) On April 15, 2009, Defendant Ricca communicated to the Court that Taylor had failed to provide releases. Having received no response from Taylor, on May 4, 2009, the Court ordered Taylor to indicate on or before May 18, 2009, whether he wished to pursue this case. (Doc.

(Doc. No. 10.) The Court warned Taylor that failure to respond might result in dismissal. (*Id.*) To date, the Court has received no response from Taylor. Therefore, the Court recommends that Taylor's case be **DISMISSED** for failure to prosecute.

A district court may *sua sponte* dismiss a case for Plaintiff's failure to prosecute. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962); *see also* FED. R. CIV. P. 41(b). Failure to prosecute "'can evidence itself . . . in an action lying dormant with no significant activity to move it . . . .'" *Gibbs v. Hawaiian Eugenia Corp.*, 966 F.2d 101, 109 (2d Cir. 1992) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Richard J. Holwell, 500 Pearl Street, Room 1950, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); FED. R. CIV. P. 72, 6(a), 6(d).

**DATED: June 4, 2009**
**New York, New York**

                                                **Respectfully Submitted,**

                                                **The Honorable Ronald L. Ellis**
                                                **United States Magistrate Judge**

**A Copy of this Report and Recommendation was sent to:**

*Pro se* Plaintiff
Cassell Taylor PRO SE
1115 College Avenue, Apt.# 4-B
Bronx, NY 10456

Counsel for Defendant
Michael Chestnov
The City of New York Law Department
100 Church Street
New York, NY 10007