```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/17/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CASSELL TAYLOR,

        Plaintiff,      08 Civ. 9312 (RJH) (RLE)

 - against -

               **ORDER**

STEVEN RICCA & JOSHUA FARANDA,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Richard J. Holwell, District Judge:

  This is a pro se prisoner civil rights action against Steven Ricca and Joshua Faranda, two New York City police officers. Plaintiff Cassell Taylor filed the complaint on October 30, 2008, while he was incarcerated at the Auburn Correctional Facility in Auburn, New York. The case was referred to Magistrate Judge Ronald L. Ellis for general pretrial supervision.

  There have been a number of procedural difficulties with the case. Plaintiff attempted to serve Faranda through the U.S. Marshals Service on January 13, 2009. The Marshals Service, however, was unable to effect service and filed a "Receipt and Return of Service Unexecuted" on January 13, 2009. Although Judge Ellis ordered plaintiff to effectuate proper service on all defendants by January 22, 2009, there is no indication in the record that Farranda was ever served.

  Ricca was served on January 16, 2009, but never received access to plaintiff's criminal records. On March 9, 2009, Judge Ellis issued an order requiring plaintiff to execute a consent and authorization for all records sealed pursuant to N.Y. C.P.L. § 160.50 or show cause why this case should not be dismissed for failure to cooperate in discovery. (Docket No. 9.) Plaintiff's

response was due by March 23, 2009. There is no indication, however, that plaintiff provided the required consents or any explanation for failing to do so. By order dated May 4, 2009, Judge Ellis directed plaintiff to notify the Court on or before May 18, 2009, as to whether he wished to pursue this case. Judge Ellis warned that failure to respond might result in the Court dismissal of plaintiff's action. (Docket No. 10.) The Court has not received any further communication from plaintiff.

On June 4, 2009, Judge Ellis entered a Report and Recommendation recommending that the action be dismissed for failure to prosecute. (Docket No. 12.) The Court has not received any objections to the Report and Recommendation.

The Court adopts Judge Ellis's Report and Recommendation in its entirety and dismisses this case. First, dismissal of the action as to Faranda was proper because of plaintiff's failure to effect service. Federal Rule of Civil Procedure 4(m) provides that if service is not made on a defendant within 120 days of filing the complaint, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiff filed the complaint well over 120 days ago, Judge Ellis already ordered that service be made within a specified time, and Faranda still has not been properly served.

Second, dismissal of the entire action was proper under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs." (internal quotations marks and citations omitted)). In assessing whether an action should be dismissed for failure to prosecute, a court will consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be

2

prejudiced by further delay, [4] whether the [judge] has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994) (internal quotation marks and citations omitted). Here plaintiff has not communicated with the Court in over five months despite repeated orders to do so, and never properly served one defendant. Plaintiff received notice that lack of response would result in a dismissal. And lesser sanctions are not appropriate; either plaintiff goes forward with this suit or does not; he has clearly chosen the latter.

## CONCLUSION

For the foregoing reasons, this action is dismissed. The Clerk is directed to close this case.

SO ORDERED.

Dated: New York, New York
       July 17, 2009

Richard J. Holwell
United States District Judge

3